UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| KAYLA SCOGGINS,<br><br>        Plaintiff,<br>vs.<br><br>SANTANDER CONSUMER USA, INC.; EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES, LLC; AND TRANS UNION LLC.<br><br>        Defendants. | Case No. 20-cv-1532 |

## COMPLAINT

NOW COMES, Plaintiff Kayla Scoggins, by and through her attorneys, DeLadurantey Law Office, LLC and complains of Defendants Santander Consumer USA, Inc., Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from incorrect credit reporting.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Kayla Scoggins (hereinafter "Plaintiff") is a natural person who resides in the County of Brown, State of Wisconsin.

7. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

8. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

9. Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign corporation with a principal office of 1550 Peachtree St. NW, Atlanta, GA 30309, and a registered agent office of Corporation Service Company., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

10. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

11. Defendant Trans Union LLC ("Defendant Trans Union") is a foreign corporation with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

12. Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

13. Defendant Santander Consumer USA, Inc. (hereinafter "Defendant Santander") is a foreign business with a principal office of 1601 Elm Street, Suite 800, Dallas, TX 75201, and a registered agent of CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

14. Defendant Santander is a "person" as that term is defined by 15. U.S.C. § 1681a(b) of the Act and furnishes information to consumer reporting agencies.

## Factual Allegations

15. Sometime in 2019, Plaintiff obtained a copy of her credit report from Defendants Experian, Equifax, and Trans Union.

16. She discovered that Defendants Experian, Equifax, and Trans Union were incorrectly reporting massive past due amounts on an account listed by Defendant Santander. Defendants were also reporting the account as closed, when it was in fact open.

17. Plaintiff was in fact current on her payments to Defendant Santander, and the account was not closed.

18. Upon making this discovery, Plaintiff submitted written disputes to Defendants Experian, Equifax, and Trans Union.

19. After each of Plaintiff's disputes, Defendants Experian, Equifax, and Trans Union investigated, and insisted the account from Defendant Santander should have "past due" amounts on her credit report and be reported as closed.

20. Defendants Experian, Equifax, and Trans Union failed to properly investigate and respond to Plaintiff's disputes.

21. After the dispute, Defendant Santander investigated, and insisted the incorrect information on the debt should remain on Plaintiff's credit report.

22. Because Defendants allowed the erroneous information to remain on Plaintiff's credit file, the Plaintiff has suffered negative financial, emotional, and credit damages.

**Count 1 – Violations of the FCRA, Defendant Experian (15 U.S.C. §1681, *et seq.*)**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

25. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

26. Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer credit file, by falsely reporting that she owed a balance to Defendant Santander and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff, that she did not owe anything on the account.

27. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

28. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 2 – Violations of the FCRA, Defendant Equifax (15 U.S.C. §1681, *et seq.*)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant Equifax also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

32. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

33. Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer

5

credit file, by falsely reporting that she owed a balance to Defendant Santander and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff, that she did not owe anything on the account.

34. As a result of Defendant Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

35. Defendant Equifax's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 3 – Violations of the FCRA, Defendant Trans Union (15 U.S.C. §1681, *et seq.*)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant Trans Union also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

39. Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Plaintiff to current and potential creditors.

40. Defendant Trans Union violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's consumer credit file, by falsely reporting that she owed a balance to Defendant Santander and by failing to

conduct a reasonable reinvestigation with respect to the information provided by the Plaintiff, that she did not owe anything on the account.

41. As a result of Defendant Trans Union's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her credit rating, credit denial, and emotional distress in an amount to be determined at trial.

42. Defendant Trans Union's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. Alternatively, Defendant Trans Union's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 4 – Violations of the FCRA, Defendant Santander (15 U.S.C. §1681, *et seq.*)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant Santander prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding the Plaintiff, as defined in the FCRA.

46. Defendant Santander violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update the Plaintiff's credit report to accurately reflect that she did not owe a balance.

47. As a result of Defendant Santander's failures to correct their erroneous and derogatory credit reporting, Plaintiff has suffered reduced credit access, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

48. Because Defendant Santander disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling the Plaintiff to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

49. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### **Trial by Jury**

50. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Kayla Scoggins pray that this Court will enter judgment against the Defendants as follows:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);
B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and
D. For such other and further relief as may be just and proper.

Dated this 2nd day of October, 2020.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com
*Attorney for the Plaintiff*